**STATE OF WEST VIRGINIA**

*In re*: **K.B.**

**No. 17-0551** (Clay County 16-JA-24)

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.D., by counsel Andrew Chattin, appeals the Circuit Court of Clay County's May 19, 2017, order terminating her parental rights to K.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Michael W. Asbury Jr., filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, the DHHR filed an abuse and neglect petition against petitioner and the father. The DHHR subsequently amended the petition three times and ultimately alleged that petitioner had her parental rights to two older children involuntary terminated as a result of substance abuse and that she and the father currently abused and neglected the child K.B. According to the petition, petitioner was homeless, failed to provide a fit and suitable home for the child, and continued to abuse controlled substances.

In November of 2016, the circuit court held an adjudicatory hearing in which it adjudicated petitioner as an abusing parent based upon the allegations in the petition.[2] In December of 2016, petitioner filed a motion requesting an improvement period.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The adjudicatory hearing transcript and adjudicatory order were not made part of the record on appeal.

In December of 2016, the circuit court held a dispositional hearing. Petitioner failed to appear but was represented by counsel. The circuit court took judicial notice of the prior proceedings in which the circuit court involuntarily terminated petitioner's parental rights to two older children. A Child Protective Services ("CPS") worker testified on behalf of the DHHR and recommended termination of petitioner's parental rights based on the prior involuntary termination of her parental rights and her continued drug abuse. The CPS worker stated that the prior involuntary termination of her parental rights was based on drug abuse and that petitioner continued to test positive for controlled substances throughout the entirety of the current proceedings. The CPS worker also testified that petitioner had not complied with any services. Specifically, the circuit court heard evidence that, of the several services offered, petitioner only participated in drug screening and tested positive for controlled substances at every screen. Petitioner did not reach out to the DHHR to implement services and the DHHR's attempts at contacting petitioner failed. Therefore, the DHHR was unable to initiate any other services. Petitioner also failed to find stable employment or a suitable home for herself and the child. Ultimately, the circuit court found that petitioner failed to maintain contact with the DHHR, visit her child, and correct the conditions of abuse that led to the filing of the petition. The circuit court further found that petitioner would not comply with the terms of an improvement period even if granted one. Accordingly, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights.[3] It is from the May 19, 2017, dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period. We disagree. The decision to grant or deny an

---

[3]As to the permanent placement of the child, the father successfully completed an improvement period and regained custody of the child. According to the DHHR, the permanency plan for K.B. is to remain in the home of his father.

improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record that petitioner failed to demonstrate her ability to fully participate in an improvement period. In fact, petitioner submitted no evidence to the circuit court, nor did she call any witnesses in support of her motion. Petitioner argues that the circuit court should have granted her more time to enroll in an inpatient substance abuse program. However, petitioner had the opportunity to do so throughout the proceedings and failed to initiate any services with the DHHR. Further, petitioner's argument that she would participate in a drug rehabilitation program is unpersuasive as the DHHR submitted evidence that petitioner continued to abuse controlled substances throughout the entirety of the proceedings, knowing that doing so prevented her from visiting the child. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. 79, 90, n. 14, 479 S.E.2d 589, 600, n. 14 (1996)(citing *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 228 and 237, 470 S.E.2d 177, 182 and 191 (1996); *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Accordingly, we find no error in the circuit court's decision denying petitioner an improvement period.

Moreover, we find no error in the termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are directed to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected include one in which

> "[t]he abusing parent . . . ha[s] habitually abused or [is] addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the [parent] ha[s] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning [.]"

It is clear from the record that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect. This is petitioner's second time participating in abuse and neglect proceedings. Petitioner's prior involuntary termination of her parental rights was due in part to her substance abuse. Knowing that her parental rights had previously been terminated on similar bases, petitioner continued to test positive for controlled substances

throughout the underlying proceedings. In fact, petitioner did not once render a negative drug screen. Further, petitioner failed to maintain contact with the DHHR in an effort to initiate services. We have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based on the evidence outlined above, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 19, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker